DEOWRAJ S. BUDDHU and URMILA S. BUDDHU, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Buddhu v. Commissioner
Docket No. 5664-90
United States Tax Court
T.C. Memo 1991-387; 1991 Tax Ct. Memo LEXIS 452; 62 T.C.M. (CCH) 444; T.C.M. (RIA) 91387; August 12, 1991, Filed *452 Decision will be entered under Rule 155. Deowraj S. Buddhu, pro se. John Aletta, for the respondent. JACOBS, Judge. JACOBS
MEMORANDUM OPINION Respondent determined deficiencies and additions to tax in petitioners' Federal income taxes as follows: Additions to Tax Sec. 6653(a)(1) [1]
Sec. 6653(a)(2)
for 1985 and
for 1985 and
Sec. 6653(a)(1)(A)
Sec. 6653(a)(1)(B)
Sec.
Year
Deficiency
for 1986
for 1986
6661
1985
$ 7,551
$ 378
50% of interest
$ 1,888
due on $ 7,551
1986
15,952
798
50% of interest
3,988
due on $ 15,952
After concessions, the issues remaining for decision are: (1) Whether petitioners are entitled to Schedule E (rental), Schedule C (business), and Schedule A (itemized) deductions in excess of the amounts allowed by respondent; *453 (2) whether petitioners are entitled to a claimed theft loss deduction for 1985; (3) whether petitioners are liable for additions to tax for negligence or intentional disregard of rules and regulations; and (4) whether petitioners are liable for additions to tax for substantial understatement of income tax. Petitioners
Deowraj S. Buddhu (hereinafter singularly referred to as petitioner) and Urmila S. Buddhu, husband and wife, resided in Rocky Hill, Connecticut, at the time they filed their petition. They filed joint Federal income tax returns for both years in issue. During the years in issue, both petitioners were employed by Aetna Life and Casualty Co.; petitioner in an accounting position, and Mrs. Buddhu as a systems analyst. In an attempt to supplement his income, petitioner prepared income tax returns, and beginning in 1986, sold real estate. To avoid repetition, our findings of fact and opinion for each issue are combined, and each issue is discussed separately. Schedule E (Rental) Deductions
Petitioners owned rental properties located in Hartford, Connecticut, at 204-206 Park Terrace, 21-23 Lawrence Street, and 958-960 Broad Street. The Park Terrace property *454 was acquired in December 1984, the Lawrence Street property in March 1985, and the Broad Street property in February 1986. On Schedule E of their 1985 return, petitioners reported rents and claimed deductions for their Park Terrace and Lawrence Street properties, as follows: Park Terrace Lawrence Street
Rents Received
$ 19,958 $ 12,235 Rental Expenses
Cleaning & Maintenance
$   1,200
$    600
Insurance
804
729
Legal & Professional
--
1,843
Mortgage Interest
9,230
4,971
Other Interest
--
1,502
Repairs
2,382
4,765
Taxes
1,684
1,032
Utilities
120
239
Water
155
120
15,575
15,801
Depreciation
9,500
5,024
Total Expenses
25,075 20,825 Loss
$ (5,117)
$ (8,590)
In his notice of deficiency, respondent disallowed (for failure to substantiate) $ 8,397 of the claimed $ 25,075 deductions for the Park Terrace property and $ 7,768 of the claimed $ 20,825 deductions for the Lawrence Street property. Subsequently, respondent conceded that petitioners are entitled to $ 20,511 of the claimed deductions for the Park Terrace property and $ 17,168 of the claimed deductions for the Lawrence *455 Street property. The remaining disallowed 1985 deductions ($ 4,564 with respect to the Park Terrace property, and $ 3,657 with respect to the Lawrence Street property) relate to: (1) Cleaning and maintenance expenses, (2) legal expenses, and (3) depreciation for claimed repairs and renovations. Petitioners presented no testimony or documentation with respect to the disallowed cleaning, maintenance, and legal expenses. On Schedule E of their 1986 return, petitioner reported rents and claimed deductions for their Broad Street, Lawrence Street, and Park Terrace properties, as follows: Broad
Lawrence
Park
Street
Street
Terrace
Rents Received
$ 8,375 $ 14,000 $ 11,400 Rental
Expenses
Cleaning &
Maintenance
$ 2,724
$ 2,724
$ 2,724
Insurance
2,594
956
955
Legal &
Professional
856
326
381
Mortgage interest
7,820
8,348
9,651
Other
Interest
2,000
6,716
--
Repairs
3,146
3,146
3,146
Taxes
1,170
2,438
1,684
Utilities
584
1,362
1,759
Water
774
938
898
CAO
90
90
90
Heating
1,532
--
--
23,290
27,044
21,288
Depreciation
9,000
7,200
8,550
Total
Expense
32,290 34,244 29,838 Loss
($ 23,915)
($ 20,244)
($ 18,438)
*456 In his notice of deficiency, respondent disallowed (for failure to substantiate) $ 24,821 of the claimed $ 32,290 deductions for the Broad Street property, $ 29,017 of the claimed $ 34,244 deductions for the Lawrence Street property, and $ 25,639 of the claimed $ 29,838 deductions for the Park Terrace property. Subsequently, respondent conceded that petitioners are entitled to $ 18,043 of the claimed deductions for the Broad Street property, $ 18,342 of the claimed deductions for the Lawrence Street property, and $ 18,744 of the claimed deductions for the Park Terrace property. The remaining disallowed 1986 deductions ($ 14,247 with respect to the Broad Street property, $ 15,902 with respect to the Lawrence Street property, and $ 11,094 with respect to the Park Terrace property) relate to: (1) Cleaning and maintenance expenses for the Lawrence Street and Park Terrace properties, (2) legal expenses, (3) other interest expenses, (4) repairs, (5) utilities, (6) water, (7) CAO, and (8) depreciation for claimed repairs and renovations to the Lawrence Street and Park Terrace properties. Petitioners offered into evidence two contracts between petitioner and Carlos Razario to substantiate *457 their depreciation deduction for repairs and renovations to the Park Terrace and Lawrence Street properties. However, petitioners failed to establish that such repairs and renovations ($ 22,800 for the Park Terrace property and $ 25,000 for the Lawrence Street property) were made or that they made any payments to Mr. Razario under said contracts. (Petitioner claimed he paid Mr. Razario in cash with moneys borrowed from Chetram Parboo, but he produced no written documentation with regard to the alleged cash payment. Neither Mr. Razario nor Mr. Parboo testified.) Petitioners presented no other evidence to substantiate any of the disallowed items. Deductions are a matter of legislative grace. New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440, 78 L. Ed. 1348, 54 S. Ct. 788 (1934). Petitioners bear the burden of proving their entitlement to all claimed deductions. Welch v. Helvering, 290 U.S. 111, 78 L. Ed. 212, 54 S. Ct. 8 (1933); Rule 142(a). Taxpayers are required by section 6001 to maintain records sufficient to establish the amount of all deductions claimed on their income tax returns. Here, except for petitioner's selfserving testimony (which we did not find persuasive), petitioners presented *458 no evidence to substantiate their 1985 and 1986 deductions for repairs and renovations to the Park Terrace and Lawrence Street properties. Respondent's disallowance of the Schedule E (rental) deductions, as modified by his concessions, is sustained. Schedule C (Business) Deductions
During 1985 and 1986, petitioner received income as a self-employed tax preparer. In 1986, he also received income as a real estate agent. Neither activity generated a profit. On Schedule C of their 1985 return (in connection with petitioner's tax preparation business), petitioners reported receipts of $ 750 and claimed the following deductions: Automobile Expenses
$ 694
Dues and Publications
65
Utilities & Telephone
75
$ 834
In his notice of deficiency, respondent disallowed (for failure to substantiate) the claimed deductions for automobile, publications, utilities, and telephone expenses. Respondent now concedes that petitioner drove his car 2,200 miles in connection with his tax preparation business for 1985. Thus, respondent concedes that petitioner is entitled to a $ 466 deduction for automobile expenses (21 cents X 2,200 miles, rounded). For 1986, petitioners filed a Schedule *459 C for petitioner's tax preparation business and another Schedule C for petitioner's real estate activities. They reported receipts of $ 895 and deductions of $ 2,163 for petitioner's tax preparation business. In connection with petitioner's real estate activities, they reported receipts of $ 4,439 and claimed deductions of $ 4,637. Automobile expenses represented the majority of the claimed deductions for both activities. Respondent disallowed all the deductions ($ 2,163 for petitioner's tax preparation business and $ 4,637 for petitioner's real estate activities) on the ground of petitioners' failure to substantiate their expenses. Petitioner used his two automobiles for business as well as personal purposes; his wife also used these automobiles. He did not know how many miles he drove his automobiles for business. Petitioners failed to substantiate by adequate records or evidence the amount of the claimed Schedule C (business) deductions. Therefore, with respect to petitioner's 1986 claimed automobile expenses, no deduction is permitted. See secs. 274(d)(4), 280F(d)(4)(A)(i). With regard to the other expenses claimed as deductions in Schedule C, we are permitted to estimate *460 the amount of allowable deductions when we are convinced that deductible expenses have been incurred. Cohan v. Commissioner, 39 F.2d 540, 544 (2d Cir. 1930). We are convinced that petitioner incurred expenses (other than automobile expenses) in connection with his tax preparation business and real estate activities. Therefore, bearing heavily against petitioner whose inexactitude is of his own making, we find that for 1985 (in addition to respondent's concessions) petitioner is entitled to a $ 65 deduction for publications in connection with his tax preparation business, and for 1986 petitioner is entitled to a $ 36 deduction for business cards and a $ 35 deduction for publications in connection with his tax preparation business. Respondent's disallowance of the Schedule C (business) deductions, as modified by respondent's concessions and our findings, is sustained. Schedule A (Itemized) Deductions
Petitioners claimed itemized deductions on Schedule A of their 1986 tax return, as follows: Medical and Dental Expenses
$  3,764
Taxes
3,309
Interest
9,117
Contributions
4,750
Miscellaneous
428
Total
$ 21,368
In his notice of deficiency, *461 respondent disallowed (for failure to substantiate) the deductions for taxes, interest, contributions, and miscellaneous items and $ 3,313 of the claimed $ 3,764 medical deduction. Subsequently, respondent conceded that petitioners are entitled to the following deductions: Taxes
$ 1,755
Interest
9,149
Contributions
75
Petitioners failed to introduce any evidence to substantiate their itemized deductions in excess of the amounts which respondent allowed. Since petitioners failed to meet their burden of proof with respect to this issue, respondent's determination, as modified by his concessions, is sustained. Theft Loss Deduction
Petitioners claimed a $ 16,127 theft loss for 1985, which respondent disallowed. The loss relates to jewelry stolen from their house. Petitioners had partial insurance coverage for the stolen jewelry, but chose not to file a claim. And Mrs. Buddhu, whose jewelry was stolen, chose not to testify. Petitioners failed to adequately establish the basis of the property stolen. See sec. 1.165-1(c), Income Tax Regs. Further, they failed to establish the value of the stolen jewelry. While we are sympathetic to petitioners' plight, we have *462 no basis upon which to make an estimate of the loss. Vanicek v. Commissioner, 85 T.C. 731, 743 (1985). Even if we could estimate the loss, because the theft loss would be allowable only to the extent that it exceeds 10 percent of petitioners' 1985 adjusted gross income, sec. 165(h)(2), petitioners would not be entitled to a theft loss because the amount of our estimate would not exceed the 10 percent floor. Accordingly, respondent's determination is sustained. Negligence
Section 6653(a)(1), which was renumbered 6653(a)(1)(A) for taxable years in which a return is due after December 31, 1986, provides that if any part of an underpayment of tax is due to negligence or intentional disregard of rules and regulations, there shall be added to the tax an amount equal to 5 percent of the underpayment. Section 6653(a)(2), which was renumbered 6653(a)(1)(B) for taxable periods for which a return is due after December 31, 1986, provides that if any part of an underpayment of tax is due to negligence or intentional disregard of rules and regulations, there shall be added to the tax, in addition to the 5 percent addition provided by section 6653(a)(1), an amount equal *463 to 50 percent of the interest payable under section 6601 with respect to the portion of such underpayment which is attributable to negligence. The addition to tax under section 6653(a) (2) is imposed for the period beginning on the last day prescribed by law for payment of such underpayment. Sec. 6653(a)(2)(B). Within the meaning of section 6653(a), negligence is defined as the "lack of due care or failure to do what a reasonable and ordinarily prudent person would do under the circumstances." Neely v. Commissioner, 85 T.C. 934, 947 (1985), quoting Marcello v. Commissioner, 380 F.2d 499, 506 (5th Cir. 1967). Respondent's determination that petitioner's underpayments of tax were due to negligence or intentional disregard of rules and regulations is prima facie correct, and the burden is on petitioner to prove the additions erroneous. Enoch v. Commissioner, 57 T.C. 781, 802 (1972). Petitioner was employed in an accounting position and was a paid tax preparer. His knowledge as to recordkeeping requirements for substantiation purposes was certainly greater than that of the average person. In addition, other errors appeared *464 on petitioners' 1985 and 1986 returns, the reasons for which were not explained. Accordingly, petitioners are liable for additions to tax for negligence as determined by respondent. Substantial Understatement of Income Tax
Section 6661(a) imposes an addition to tax when there is a "substantial understatement of income tax for any taxable year." [2] An understatement is substantial when the understatement exceeds the greater of $ 5,000 or 10 percent of the amount of tax required to be shown on the return. Sec. 6661(b)(1)(A). The amount of the addition to tax under section 6661(a) is equal to 25 percent of any underpayment attributable to the substantial understatement. See Pallottini v. Commissioner, 90 T.C. 498 (1988). For the most part, the understatements herein are *465 due to petitioners' inability to substantiate claimed expenses and deductions. They failed to adequately disclose the facts pertaining to the claimed deductions and losses, and they asserted no authority for claiming the unsubstantiated losses and deductions. Accordingly, if as a result of the Rule 155 computations, petitioners' understatement of tax is "substantial," the addition to tax under section 6661 will apply. To reflect the foregoing, Decision will be entered under Rule 155. Footnotes
1. All section references are to the Internal Revenue Code as amended and in effect for the years in issue. All Rule references are to the Tax Court Rules of Practice and Procedure. All dollar amounts are rounded to the nearest dollar.↩
2. An understatement occurs when the amount of tax shown on the return, less any rebate (within the meaning of sec. 6211(b)(2)), is less than the amount of tax required to be shown on the return. See sec. 6661(b)(2)(A).↩